UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br>Roger L. Skoczek<br>Donna R. Skoczek<br>Debtors. | Chapter 11<br>Case No. 16-30451 |

## THE DEBTORS' APPLICATION TO EMPLOY
## KREKELER STROTHER, S.C. AS COUNSEL FOR THE DEBTORS

TO: Office of the United States Trustee
7517 East Wisconsin Avenue, Room 430
Milwaukee, WI 53202

Roger L. Skoczek and Donna R. Skoczek, debtors and debtors-in-possession (the "Debtors") request that the Court enter an order under 11 U.S.C. §§ 327(a), 328(a), 331 and 1103(a), and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing the Debtors to retain Krekeler Strother, S.C. ("Krekeler Strother." or the "Firm") as its counsel *nunc pro tunc* to October 21, 2016 (the "Petition Date"), under the terms and conditions described in this application. In support of the application, the Debtors rely upon the accompanying *Affidavit of Jeffrey D. Friebert under Federal Rules of Bankruptcy 2014(a) and 2016(b)*, and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to hear this motion under 28 U.S.C. §§ 157 and 1334. This is a core proceedings pursuant to 28 U.S.C. § 157(b).

2. This Court is the proper venue for this motion under 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

Drafted by:
Jeffrey D. Friebert
Krekeler Strother, S.C.
2901 West Beltline Hwy, Suite 301
Madison, WI 53719
Phone: 608-258-8555
Fax: 608-258-8299
jfriebert@ks-lawfirm.com

3. On October 21, 2016 (the "Petition Date"), the Debtors commenced the Case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. The Debtors are continuing in possession of their property, and are operating and managing their business as debtors in possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED

5. By this Application, the Debtors seek authority under section 327(a) of the Bankruptcy Code to retain and employ Krekeler Strother of Madison, Wisconsin as its counsel, effective as of the Petition Date, under a general retainer, to represent Debtors in all phases of this chapter 11 case.

6. By this Application, the Debtors also requests that Krekeler Strother be authorized, under section 331 of the Bankruptcy Code, to submit interim requests for the payment of Krekeler Strother's reasonable professional fees and costs, as administrative expenses of the estate, not sooner than thirty days after the Court's approval of this Application, and no more frequently than every thirty (30) days thereafter.

## BASIS FOR RELIEF REQUESTED

7. Bankruptcy Code Section 327(a) provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professionals persons, that do not hold or represent an interest adverse to the estates, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

8. Bankruptcy Code section 328(a) provides, in relevant part, as follows:

> The trustee . . . with the court's approval may employ or authorize

> the employment of a professional person under 327 . . . of
> this title . . . on any reasonable terms and conditions of
> employment, including on a retainer, on an hourly basis, or on a
> contingent fee basis. Notwithstanding such terms and conditions,
> the court may allow compensation different from the compensation
> provided under such terms and conditions after the conclusion of
> such employment, if such terms and conditions prove to have been improvident
> in light of developments not capable of being
> anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

9. Bankruptcy Rule 2014 provides in relevant part, as follows:

> An order approving the employment of . . . professionals pursuant to § 317 . . . of the Code shall be made only on application of the trustee or committee.

Fed. R. Bankr. P. 2014.

10. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional
> person employed under section 327 or 1103 of this title may apply
> to the court not more than once every 120 days after an order for
> relief in a case under this title, or more often if the court permits,
> for such compensation for services rendered before the date of
> such an application or reimbursement for expenses incurred before
> such date as is provided under section 330 of this title. After
> notice and a hearing, the court may allow and disburse to such
> applicant such compensation or reimbursement.

11. U.S.C. § 331. Absent an order of this Court, section 331 limits Professionals rendering services in these chapter 11 case to payment of fees and expenses only three times per year.

A. **Proposed Counsel's Qualifications**

11. The Debtors have selected Krekeler Strother as its attorneys because of Krekeler Strother's extensive experience and knowledge in the fields of corporate reorganization, debtors' and creditors' rights, and bankruptcy law. By preparing this case, Krekeler Strother has become familiar with the Debtor's business and affairs, as well as the potential legal issues that may arise in this case.

3

12. The Debtors submit that Krekeler Strother is well qualified to represent the Debtors in this case, and to effectively and efficiently perform the legal services that will be necessary during the administration of its chapter 11 case. The Debtors and Krekeler Strother have discussed the necessity of the most beneficial and efficient utilization of counsel's professional services and other resources to avoid duplication of legal services and to minimize expenses to the estate. The Debtors therefore concludes that the retention of Krekeler Strother will benefit its estate and help promote the maximization of the Debtor's value for the benefit of its unsecured creditors.

**B. Services to Be Provided**

13. The Debtors contemplate that Krekeler Strother will render the following general legal services

- advising the Debtors of its rights, powers and duties as debtors and debtors in possession;

- advising the Debtors concerning, and assisting in the negotiation and document of financing agreements, debt restructuring, cash collateral arrangements, debtors in possession financing, and related transactions;

- reviewing the nature and validity of liens asserted against the property of the Debtors and advising the Debtors concerning the enforceability of such liens;

- advising the Debtors concerning the actions that it might take to collect and recover property for the benefit of the Debtors' estate;

- preparing on behalf of the Debtors all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules and other documents, and reviewing all financial and other reports to be filed in this chapter 11 case;

- advising the Debtors concerning, and preparing responses to, applications, motions, pleadings, notices, and other papers that may be filed and served in this chapter 11 case;

- counseling the Debtors in connection with the formulation, negation, and promulgation of a plan of reorganization and related documents;

- counseling the Debtors in connection with any sales outside of the ordinary course of the Debtor's business under Section 363 of the Bankruptcy Code; and

- performing all other legal services for and on behalf of the Debtors that may be necessary or appropriate in the administration of its chapter 11 case and the reorganization of Debtors' business, including advising and assisting the Debtors with respect to debt restructuring, stock or asset dispositions, claim analysis and disputes, and legal issues involving general corporate, bankruptcy, labor, employee benefits, tax, finance, real estate and litigation matters.

## C. Payment of Fees and Expenses

14. Subject to the Court's approval, and in accordance with section 330(a) of the Bankruptcy Code, compensation for Krekeler Strother's legal services will be payable to it on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date that such services are rendered. The principal professionals and paraprofessionals presently designated to represent the Debtors and their currently hourly rates are:

| | |
|---|---|
| J. David Krekeler (Shareholder) | $378 per hour; |
| Jeffrey D. Friebert (Associate) | $260 per hour; |
| Eliza M. Reyes (Associate) | $250 per hour; and |
| Abigail N. Haberkorn (Paralegal) | $95 per hour. |

The above rates are subject to periodic adjustments. Other members of Krekeler Strother have customary hourly rates for services of this nature ranging from $45 to $295.

15. The hourly rates set forth above are Krekeler Strother's standard hourly rates for work of this nature. These rates are set at a level designated to fairly compensate Krekeler Strother for the work of its attorneys and paralegals and to cover fixed and routine overhead

5

expenses. It is Krekeler Strother's policy to charge for its legal services in all areas of practice for other expenses incurred in connection with the client's case. The expenses charged may include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided to outside copying services for use in mass mailings, travel expenses, expenses for "working meals", computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Debtors will be charged for these expenses in a manner and at rates consistent with charges made generally to Krekeler Strother's other clients.

16. The Debtors retained Krekeler Strother on September 12, 2014, and provided Krekeler Strother with an initial retainer of $7,957.52. In addition to the initial retainer Debtors paid Krekeler Strother $8,642.48 for a prior Chapter 11 case, which was converted to a Chapter 13 case and then dismissed. In accordance with a Guaranty from Kristen McClain, she will be paying about $1.000.00 per month to build a retainer for services rendered by Krekeler Strother. The retainer amounts will be held by Krekeler Strother as security for post-petition services and expenses until further order by the Court, the end of this case, or such other time as the parties have agreed.

17. Pursuant to Local Rule 2014(a), the following are estimates of costs, exclusive of disbursements, of the anticipated work in this case: (a) Company operating issues, $1,000 - $2,000; (b) preparation of first day motions, schedules and reports, $2,000 - $4,000; (c) financing, including cash collateral issues, post-petition financing and/or equity participation, $1,000 – $2,000; (d) sale of assets and plan of reorganization, including the disclosure statement,

$2,000 - $4,000; (e) analysis and treatment of executory contracts and expired leases, $500 - $1,000; (f) responding to creditor inquiries, $500 – $1,000; (g) claims analysis and objections and prosecution of adversary proceedings, $2,000 - $4,000; (h) employment of professionals, $500 - $1,000; and (i) fee applications, $1,000 - $2,000.

18. Based on the foregoing estimates, it is possible that Krekeler Strother's aggregate fees and expenses herein may range between $10,500 and $21,000. The estimates are provided for informational purposes only. The Debtors reserve the right to request that Krekeler Strother perform necessary or appropriate legal services without regard to such estimates or whether such services are listed above.

### D. Disclosures and Disinterestedness

19. In connection with its proposed retention by the Debtors in this case, Krekeler Strother undertook steps to determine whether it had any conflicts or other relationships that might cause it to be other than disinterested or to hold or represent an interest adverse to the Debtors. Krekeler Strother, as shown on the Debtors' schedules, is a creditor of the Debtors and therefore has an actual conflict of interest in this Chapter 11. However, this conflict will be resolved by Krekeler Strother's release of Debtors for pre-petition fees owed to Krekeler Strother. To check and clear other potential conflicts of interest in these chapter 11 cases, Krekeler Strother has searched its client databases and solicited information from its attorneys to determine whether the Firm has or had any relationships with the following entities: (a) the Debtors; (b) the key employees; (c) the Debtors' unsecured creditors; (d) the Debtors' pre-petition lender; (e) any professionals to be retained by the Debtors; and (f) other significant parties-in-interest, as identified by the Debtors.

7

20. To the best of the Debtors' knowledge, other than in connection with these cases, Krekeler Strother has no connection with Debtors, its creditors or any other party in interest herein, or their respective attorneys or accountants, or the United States Trustee or any person employed in the Office of the United States Trustee, except as set forth herein and in the *Affidavit of Jeffrey D. Friebert under Federal Rules of Bankruptcy 2014(a) and 2016(b),* a copy of which accompanies this Application.

21. To the best of the Debtors' knowledge, information and belief, Krekeler Strother does not represent and does not hold any interest adverse to the Debtors or its estate, creditors or equity security holders in the matters for which Krekeler Strother is proposed to be retained.

22. Accordingly, Krekeler Strother is a "disinterested person" within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, and Krekeler Strother's retention is in the best interest of the Debtors, its estate, and its creditors.

## RESERVATION OF RIGHTS

23. Because this Application does not present novel issues of law requiring the citation of authority other than as cited above, the Debtors do not intent to file a brief in connection with this motion. The Debtors nevertheless reserves the right to do so, should filing a brief or memorandum of law appear to be necessary or appropriate.

## NOTICE

24. Under Local Rule 2014, the Debtors have served this motion and notice of this motion on: (a) the Office of the United States Trustee; (b) the Debtors; and (c) Debtors' counsel. No examiner, trustee or statutory creditors' committee has been appointed in this case at this time. Accordingly, the Debtors submit that no further notice is necessary.

**WHEREFORE,** Roger L. Skoczek and Donna R. Skoczek. request that the Court enter an order authorizing it to employ Krekeler Strother, S.C. as its counsel, effective as of May 5, 2015, with the compensation of the firm subject to further application and approval by the Court under the procedures set forth above, and to grant the Debtors such other and further relief as is just and necessary.

Dated: October 26, 2016.

By: *Roger L. Skoczek* (signature)
Roger L. Skoczek

By: *Donna R. Skoczek* (signature)
Donna R. Skoczek

2901 West Beltline Hwy, Suite 301
Madison, WI 53713
Phone: 608-258-8555
Fax: 608-258-8299
jfriebert@ks-lawfirm.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

Roger L. Skoczek.
Donna R. Skoczek

Chapter 11
Case No. 16-30451

Debtor.

**AFFIDAVIT OF DISINTERESTEDNESS OF JEFFREY D. FRIEBERT
PURSUANT TO FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2014(a) AND 2016(b)**

STATE OF WISCONSIN  }
                    } SS
COUNTY OF DANE      }

Jeffrey D. Friebert, being first duly sworn, on oath deposes and says:

1. I am an attorney duly licensed to practice law in the State of Wisconsin and am admitted to practice before the courts of the Eastern District of Wisconsin. I am an associate with the law firm of Krekeler Strother, S.C. (the "Firm" or "Krekeler Strother"). My mailing address is:

Krekeler Strother, S.C.
2901 West Beltline Hwy., Suite 301
Madison, WI 53713

2. I am submitting and filing this Affidavit in support of Roger L. Skoczek and Donna R. Skoczek's (the "Debtors") Application to Employ Counsel for the Debtors (the "Application").

3. The Debtors asked Krekeler Strother to represent it in this case. The Debtors have asked the Firm because of the Firm's expertise in representing chapter 11 debtors.

4. In determining whether the Firm can represent the Debtors, I carefully reviewed the Rules of Professional Conduct for Attorneys, the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and the information provided to the Firm by the Debtors. The Firm diligently investigated the connections that its clients may have to the Debtors, and will continue to do so on an ongoing basis. In order to ensure that no impermissible conflicts of interest exist among the Debtors and the Firm, the Firm caused a search to be done electronically of all open and closed client matters within the Firm to determine whether any client of the Firm's, past or

present, held an interest adverse to the interests of the Debtors or its creditors. No connections or conflicts were uncovered.

5. After due and diligent inquiry and reasonable investigation, the Firm has concluded that neither the Firm, nor any shareholder, counsel, or associate of the Firm, has any connections with the Debtors, their creditors or any other parties-in-interest, or their respective attorneys and accountants, or the United States Trustee, or any person employed by the United States Trustee, except as follows:

6. In the future, the Firm may represent creditors of the Debtors in unrelated matters. While I have endeavored to set forth with specificity each party in interest known to be involved in this case with which the Firm has any connection, Federal Rule of Bankruptcy Procedure 2014 is not specific as to what constitutes a connection. I may inadvertently have overlooked one or more such connections. If I become aware of additional connections, I will supplement this affidavit accordingly.

7. No shareholder or associate of the Firm has been an investment banker associated with the operations of the Debtors, or a director, officer, shareholder, or employee of the Debtors.

8. Krekeler Strother, as sown on the Debtor's schedules, is a creditor of the Debtors and therefore has an actual conflict of interest in this Chapter 11. However, this conflict will be resolved by Krekeler Strother's release of Debtor for pre-petition fees owed to Krekeler Strother.

9. Based upon the foregoing disclosures and due diligence, I have concluded that neither Krekeler Strother nor any shareholder or associate of the Firm, holds or represents any interest adverse to the Debtors or the Debtors' estate with respect to the matters upon which the Firm proposes to be employed.

10. Accordingly, I believe that Krekeler Strother and all of its employees are disinterested within the meaning of Section 101(14) of the United States Bankruptcy Code and do not represent or hold any interest adverse to the interests of the Debtors or the estate with respect to their employment as counsel to the Debtors. (Krekeler Strother will release Debtor from any liability for pre-petition fees owed to Krekeler Strother)

11. The Debtors retained Krekeler Strother on September 12, 2014 and provided Krekeler Strother with an initial retainer of $7,957.52. In addition to the initial retainer Debtors paid Krekeler Strother $8,642.48 for a prior Chapter 11 case, which was converted a Chapter 11 case and then dismissed. In accordance with the Debtors' budget, the Debtors are allocating $1.000.00 per month to build a retainer for services rendered by Krekeler Strother. The retainer amounts will be held by Krekeler Strother as security for post-petition services and expenses until further order by the Court, the end of this case, or such other time as the parties have agreed.

12. The Firm intends to apply for compensation for professionals services rendered in connection with this Chapter 11 case subject to the Bankruptcy Code and the Court's approval.

The Firm intends to bill for its services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date that such services are rendered. The principal professionals and paraprofessionals designated to represent the Debtors and their current hourly rates are:

- J. David Krekeler (Shareholder)     $378 per hour;
- Jeffrey D. Friebert (Associate)     $260 per hour;
- Eliza M. Reyes (Associate)          $250 per hour; and
- Abigail N. Haberkorn (Paralegal)    $95 per hour.

The above rates are subject to periodic adjustments. Other members of Krekeler Strother have customary hourly rates for services of this nature ranging from $45 to $295.

13. The hourly rates set forth above are Krekeler Strother's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Krekeler Strother for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge for its legal services in all areas of practice for other expense incurred in connection with the client's case. The expenses charged may include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Debtors will be charged for these expenses in a manner and at rates consistent with charges made generally to Krekeler Strother's other clients.

14. Neither Krekeler Strother nor any shareholder, associate, or employee of Krekeler Strother has agreed to share, nor will share, any portion of the compensation to be received from the estate with any person other than the principals and regular employee of the Firm.

Dated this 27 day of October, 2016.

By: _____
     Jeffrey D. Friebert

Subscribed and sworn to before me
This 27 day of October, 2016.

_____
Rebecca Isige
Notary Public, State of Wisconsin
My Commission: 08/01/2017

3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

Roger L. Skoczek
Donna R. Skoczek

Chapter 11
Case No. 16-30451

Debtors.

**NOTICE OF THE DEBTORS' APPLICATION TO EMPLOY
KREKELER STROTHER, S.C. AS COUNSEL FOR THE DEBTORS**

TO: Office of the United States Trustee
7517 East Wisconsin Avenue, Room 430
Milwaukee, WI 53202

PLEASE TAKE NOTICE the Roger L. Skoczek and Donna R. Skoczek, debtors and debtors-in-possession herein (the "Debtors"), filed *the Debtors' Application to Employ Krekeler Strother, S.C. as Counsel for the Debtors* (the "Application") and the *Affidavit of Jeffrey D. Frieber under to Federal Rules of Bankruptcy 2014(a) and 2016(b)*, requesting that the Court enter an order under 11 U.S.C. §§ 327(a), 328(a), 331 and 1103(a), and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing the Debtor to retain Krekeler Strother, S.C. ("Krekeler Strother." or the "Firm") as its counsel *nunc pro tunc* to the date of filing of this case, under the terms and conditions described in the Application.

PLEASE TAKE FURTHER NOTICE that if you wish that the Court hold a hearing on the Application or its terms or conditions, you should, within **14 days** of the date of this Notice, file a response and a request for a hearing with the Court at:

Drafted by:
Jeffrey D. Friebert
Krekeler Strother, S.C.
2901 West Beltline Hwy, Suite 301
Madison, WI 53719
Phone: 608-258-8555
Fax: 608-258-8299
jfriebert@ks-lawfirm.com

United States Bankruptcy Court
Eastern District of Wisconsin
126 U.S. Courthouse
517 East Wisconsin Avenue
Milwaukee, WI 53202-4581

You must also serve a copy of your response on the undersigned counsel at:

Krekeler Strother, S.C.
2901 West Beltline Hwy., Suite 301
Madison, WI 53713
Attn: Attorney Jeffrey D. Friebert

If you do not respond within the 14-day period, the Court may enter an order approving the retention of Krekeler Strother, S.C. as counsel for the Debtor.

Dated this 27th day of October, 2016.

**KREKELER STROTHER, S.C.**

By: _____
Jeffrey D. Friebert, State Bar No. 1006561

*Proposed Attorneys for Debtors,*
*Roger L. and Donna R. Skoczek*

**ADDRESS:**
2901 W. Beltline Hwy, Ste. 301
Madison, WI 53713
Phone: (608) 258-8555
Fax: (608) 258-8299

2

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In Re:

    Roger L. Skoczek                            Chapter 11
    Donna R. Skoczek                         Case No. 16-30451

    Debtors.

## AFFIDAVIT OF MAILING

The undersigned, being first duly sworn on oath, deposes and says that on the 27th day of October, 2015, the undersigned electronically filed a copy of the Application for Employment of Counsel for Debtor-in-Possession, Affidavit of Proposed Counsel for Debtor-in-Possession, Notice of Application for Employment of Counsel for Debtor-in-possession, and Proposed Order to:

Eastern District Bankruptcy Court          Office of the U.S. Trustee
126 U.S. Courthouse                          Eastern District of Wisconsin
517 East Wisconsin Avenue                 517 East Wisconsin Avenue
Milwaukee, WI 53202-4581                 Milwaukee, WI 53202

The undersigned, being first duly sworn on oath, deposes and says that on the 27th day of October, 2015, the undersigned mailed, properly enclosed in a postpaid envelope, a copy of the Application for Employment of Counsel for Debtor-in-Possession, Affidavit of Proposed Counsel for Debtor-in-Possession, Notice of Application for Employment of Counsel for Debtor-in-possession, and Proposed Order to:

Roger and Donna Skoczek
W202 S7633 Ridge Rd.
Muskego, WI 53150-8235

Subscribed and sworn to before me          By: _/s/ Abigail N. Haberkorn_
This 27th day of October, 2016.                        Abigail N. Haberkorn

_/s/ Rebecca Isige_
Rebecca Isige,
Notary Public, State of Wisconsin
My Commission expires 08/01/2017

Drafted by:
Jeffrey D. Friebert
Krekeler Strother, S.C.
2901 West Beltline Hwy, Suite 301
Madison, WI 53719
Phone: 608-258-8555
Fax: 608-258-8299
jfriebert@ks-lawfirm.com